IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK ALLEN STEINMETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00088-CV-W-ODS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of Defendant's decision denying his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, Defendant's decision is reversed, and the case is remanded for further proceedings.

(1) During a hearing before an Administrative Law Judge ("ALJ") in 2015, Plaintiff testified he was enrolled in special education classes since first grade, he had difficulty reading and writing, someone had to read him the letters he received from the Social Security Administration, and he could not fill out his Social Security forms or job applications without assistance. R. at 41, 52-55. During the same hearing, the Vocational Expert ("VE") testified Plaintiff could perform work as an inspector, hand packager, and assembler, but all three jobs required some reading. R. at 58. During a hearing before an ALJ in 2016, Plaintiff testified he could not read. R. at 80. In that hearing, the VE testified Plaintiff could work as a hand packager, sorter, and inspector. R. at 83. The ALJ did not inquire about the level of reading required for those positions.

The record also reflects Plaintiff's difficulties with reading and writing. First, his medical records chronicle his difficulties. R. at 86, 348, 372, 705, 746, 752, 761, 764, 766, 900, 903, 969. Second, Dr. Robert Frick, who performed a consultative psychiatric examination, opined Plaintiff had "borderline IQ vs. mild M[ental] R[etardation]," and listed borderline intelligence as a primary diagnosis. R. at 881-85. Finally, while his

high school transcript does not demonstrate whether or not Plaintiff was enrolled in special education classes, the transcript reveals Plaintiff failed at least three reading and/or writing classes.  R. at 395-98.

"[T]he ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."  *Lott v. Colvin*, 772 F.3d 546, 549 (8th Cir. 2014) (citations omitted).  "Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work."  *Byes v. Astrue,* 687 F.3d 913, 916 (8th Cir. 2012) (citation omitted).  If the ALJ is alerted by sufficient evidence in the record of a possible severe mental impairment, "the ALJ must further develop the record about mental impairments before ruling on the severity of the claimant's impairment(s)."  *Id.*

"[B]orderline intellectual functioning should be considered a severe impairment" when supported by the record.  *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (citation omitted).  In this matter, the record contains numerous references to Plaintiff's intellectual functioning.  But the ALJ did not fully develop the record in order to determine if Plaintiff's intellectual functioning was a severe impairment, and what limitations, if any, Plaintiff had due to his intellectual functioning.  Upon remand, the ALJ must further develop the record with regard to Plaintiff's intellectual functioning.  Additionally, the ALJ must consider Dr. Frick's opinion that Plaintiff had borderline intelligence as well as the other instances in the record indicating limited intellectual functioning.  If the ALJ chooses to discount Dr. Frick's opinion or other evidence in the record, the ALJ must provide sufficient explanation to support those determinations.

(2)     Because the ALJ rejected the only medical opinion related to Plaintiff's physical limitations, the physical limitations included in the ALJ's RFC were not supported by substantial evidence.  Further, given that the sole opinion regarding Plaintiff's physical limitations was discounted, the record was not fully developed to determine Plaintiff's physical limitations.  Upon remand, the ALJ must further develop the record with regard to Plaintiff's physical limitations, and set forth an RFC containing physical limitations supported by substantial evidence.

(3)     In his decision, the ALJ found Plaintiff's disability onset date was January 1, 2013.  R. at 15.  But, during the hearing, he stated the decision would reflect a

disability onset date of April 2, 2012. R. at 40. Upon remand, the ALJ must identify the disability onset date, and if the ALJ determines the disability onset date is not April 2, 2012, the ALJ must provide an explanation as to why the onset date is different.

 (4) Finally, during the 2016 hearing, Plaintiff asked the ALJ to reopen his 2012 application for disability benefits. R. at 39. The ALJ took the request under advisement, and stated he would include his determination in the written decision. R. at 40. The ALJ's decision did not address Plaintiff's request. Upon remand, the ALJ shall consider Plaintiff's request to reopen his prior claim for disability benefits, and include that determination in the written decision.

IT IS SO ORDERED.

DATE: January 31, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT